422

City of Pittsburgh and Mayor Richard S. Caliguiri, Petitioners *v.* Commonwealth of Pennsylvania, Milk Marketing Board, Respondent.

R. Bruce Fike & Sons Dairy, Inc. et al., Intervenors.

Argued May 5, 1981, before President Judge CRUMLISH and Judges MENCER, BLATT, CRAIG and MACPHAIL. Judges ROGERS, WILLIAMS, JR. and PALLADINO did not participate.

*Marvin A. Fein,* Associate City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for petitioners.

*Daniel T. Flaherty, Jr.,* Chief Counsel, for respondent.

*Harry Polikoff,* for intervenor, R. Bruce Fike & Sons Dairy, Inc.

*Willis F. Daniels* and *Harold W. Swope, Duane, Morris & Heckscher,* with them *Carroll F. Purdy, Thomas & Thomas,* for intervenors, Greater Pittsburgh Dairy Industry Association, Brookfield Dairy, Division of Hawthorn Mellody, Inc., Carl Colteryahn Dairy, Inc., Marburger Farm Dairy, Inc., Meadow Brook Dairy Co., Schneider's Dairy, Inc., Taylor Milk Co., Inc., and Turner Dairy Farm, Inc.

OPINION BY PRESIDENT JUDGE CRUMLISH, July 8, 1981:

The City of Pittsburgh appeals an order of the Milk Marketing Board raising minimum milk prices by $.05 per gallon in 15 western Pennsylvania counties. We reverse and remand.

On July 23, 1980, the Milk Marketing Board held hearings to review the minimum milk prices for the Western Milk Marketing Area. Testimony was presented by an accountant who represented seven independent dealers. Based upon the dealers' composite statement of operations, the accountant testified that area dealers were not realizing a "fair return" as provided for in Section 801 of the Milk Marketing Law.[1]

Counsel for the City of Pittsburgh, during cross-examination, requested to see the seven individual statements of operations that comprised the composite from which the accountant had testified. The Board refused this request, stating that the individual statements were confidential pursuant to Section 310 of the Milk Marketing Law. We disagree.

Admittedly, Section 310 classified as confidential certain information obtained by the Board while discharging its statutory duties. However, Section 310 specifically provides "any evidence, statements or other testimony offered by parties other than board

---

[1] Act of July 31, 1968, P.L. 963, *as amended,* 31 P.S. §700j-101.

employes or agents during official hearings before the board shall be subject to full examination and cross-examination." 31 P.S. §700j-310.

Since the individual statements were relied upon by the accountant in formulating his testimony, the Board erred in not permitting them to be examined.[2]

Reversed.

### ORDER

The Milk Marketing Board order dated November 12, 1980, is reversed. This matter is remanded for proceedings not inconsistent with the decision rendered this date.

---

[2] We are careful to point out that the seven individual statements are dispositive of the issue as to whether the Board's decision was based upon review of a cross-section of dealers who are representative of the average efficient dealers in the area. *See* 31 P.S. §700j-801.